RAMÓN DEL MORAL LUGO, demandante y recurrido, *v.* ABRA-HAM ÁLVAREZ, demandado y recurrente.

*Número:* O-73-21        *Resuelto:* 21 de mayo de 1973

*J. F. Rodríguez Rivera, Procurador General Interino,* y *Lady Alfonso de Cumpiano, Procuradora General Auxiliar,* abogados del recurrente; *Faustino R. Aponte,* abogado del recurrido.

PER CURIAM: En un recurso de apelación procedente del Tribunal de Distrito, Sala de Humacao, la parte apelada (demandante en el pleito original) radicó moción solicitando la desestimación del recurso basada en la radicación tardía del escrito de apelación. El Tribunal Superior, Sala de Humacao, en 22 de noviembre de 1972, notificó a las partes copia de una resolución, mediante la cual se le fijaba un término de diez días a la parte apelante para comparecer a mostrar causas por las cuales no debía desestimarse la apelación.

El apelante, representado por los abogados de la División de Litigios Generales del Departamento de Justicia, se opuso a la desestimación, alegando que el término de treinta días para la radicación del escrito de apelación fue interrumpido mediante la oportuna presentación de una moción en la que solicitó del tribunal apelado que formulara Determinaciones de Hecho Adicionales, solicitud ésta que fue denegada por dicho tribunal el 18 de octubre de 1971, mediante resolución que fue notificada a las partes el 23 de noviembre siguiente; y que, habiendo sido radicado el escrito de apelación el 30 de noviembre de 1971, la apelación fue entablada en tiempo.

En 27 de noviembre de 1972, el demandante-apelado adujo, como fundamento adicional de desestimación, la falta de radicación del alegato del apelante dentro del término reglamentario.

El alegato del apelante está fechado 28 de noviembre de 1972, en San Juan. De los autos originales aparece que fue recibido en la Secretaría del Tribunal Superior de Humacao tres días después, el 30 de noviembre, conjuntamente con una moción del apelante solicitando de dicha sala permitiera la radicación del alegato.

El 14 de diciembre de 1972, el Tribunal Superior dictó sentencia desestimando la apelación. Su texto, en lo pertinente, lee así:

"Considerados los escritos radicados por las partes, el Tribunal concluye que la apelación se interpuso tardíamente y que sobre lo tardío tampoco se perfeccionó mediante la radicación oportuna del alegato."

Acordamos revisar. Del texto antes transcrito resulta evidente que el juez a quo basó su sentencia en la radicación tardía de la apelación y que no consideró, posiblemente por entender que carecía de jurisdicción para ello, los méritos de la moción del apelante solicitando se permitiera la radicación de su alegato en apelación.

La sentencia objeto del recurso de apelación fue dictada el 6 de octubre de 1971. En esa misma fecha fue archivada en los autos copia de la notificación a las partes. Dentro del término de diez días que fija la Regla 43.2 de Procedimiento Civil, el apelante radicó moción solicitando determinaciones de hecho adicionales. Esta moción fue denegada por el Tribunal de Distrito, notificándose a las partes el 23 de noviembre de 1971. No fue hasta esta última fecha que comenzó a correr un nuevo término de treinta días para apelar conforme lo dispuesto en la Regla 53.1 (d). (1) Presentado, como fue, el escrito de apelación, siete días después—el 30 de noviembre de 1971—el Tribunal Superior erró al concluir que la apelación se interpuso tardíamente.

_____

(1) "El transcurso del término para apelar o para solicitar el recurso de revisión se interrumpirá por la oportuna presentación de una moción formulada de acuerdo con cualquiera de las reglas que a continuación se

Se alude que la apelación ". . . tampoco se perfeccionó mediante la radicación oportuna del alegato." El término para la radicación de alegatos—en apelaciones procedentes del Tribunal de Distrito—se rige por lo dispuesto en la Regla 7 de las Reglas de Apelación del Tribunal de Distrito al Tribunal Superior. Esta regla fija un término de quince (15) días para ello contados a partir de la notificación a las partes ". . . de la radicación de los autos en apelación, o dentro de la prórroga que se concediere con tal fin . . . ." La referida regla, en su parte pertinente, lee así:

"Dentro de los quince (15) días de notificadas las partes de la radicación de los autos en apelación, o dentro de la prórroga que se concediere con tal fin, el abogado del apelante presentará al Tribunal Superior su alegato que contendrá una relación fiel y concisa de los hechos del caso, así como un señalamiento de los errores que a su juicio cometió el Tribunal de Distrito. Cada error se señalará y discutirá separadamente. Si el apelante no radicare su alegato dentro del término fijado o dentro de la prórroga concedídale, el tribunal motu proprio o a petición de la parte apelada desestimará el recurso."

La comunicación cursada a las partes por el secretario, informando haberse radicado el expediente del caso (dice "en grado de traslado") en el Tribunal Superior, está fechada 3 de noviembre de 1972. El abogado del peticionario afirma que esta comunicación fue puesta en el correo en Humacao el 9 de noviembre, afirmación que puede comprobarse con vista del sobre con matasellos que acompaña. Arguye que, si se toma como punto de partida la fecha de la notificación—9 de noviembre—y se añade el plazo de tres días adicionales dispuesto en la Regla 68.4 de Procedimiento Civil, el término

---

enumeran, y el referido término comenzará a contarse de nuevo desde que se archive en autos copia de la notificación de cualquiera de las siguientes órdenes en relación con dichas mociones: (1) declarando con lugar o denegando una moción bajo la Regla 43.2 para enmendar o hacer determinaciones adicionales de hechos, fuere o no necesaria una modificación de la sentencia si se declarare con lugar la moción; . . . ."

para presentar su alegato expiraba el 27 de noviembre de 1972.

■ Resolvemos que el punto de partida que fija la Regla 7 de las Reglas que gobiernan las apelaciones del Tribunal de Distrito al Tribunal Superior para la presentación del alegato del apelante es la *notificación* a las partes de la radicación de los autos en apelación. Apareciendo que la notificación de este hecho al apelante fue cursada por correo el 9 de noviembre, al apelante le beneficia el plazo de tres días adicionales que dispone la Regla 68.4 así:

"Siempre que una parte tenga derecho a realizar, o se le requiera para que realice algún acto dentro de determinado plazo después de habérsele notificado un aviso u otro escrito, y el aviso o escrito le sea notificado por correo, se añadirán 3 días al período prescrito."

El alegato, fechado 28 de noviembre, fue recibido en secretaría dos días después. Vino acompañado de una moción donde expresaba que la notificación de que se había elevado el expediente tenía fecha de 3 de noviembre, pero no fue puesta en el correo hasta el 9 de noviembre, "llegando a nuestras Oficinas el día 14 del mismo mes, habiendo transcurrido 11 días de los 15 que conceden las Reglas para radicar el alegato en estos casos"; y que, debido al gran número de casos y de asuntos que tenía a su cargo, le fue imposible contar con el tiempo necesario para radicar oportunamente su alegato. Finalmente se suplicaba que, no habiendo transcurrido una demora o dilación excesiva, en el ejercicio de la sana discreción, se le permitiera radicar el alegato.

■ De los términos de la sentencia desestimando la apelación no aparece que la moción del apelante invocando la discreción del tribunal autorizando la radicación del alegato —con sólo tres días de dilación—fuese considerada por el juez a quo. Los hechos expuestos en la moción reclamaban el ejercicio de la discreción del tribunal previa consideración de si

los fines de la justicia quedarían beneficiados viéndose la apelación en sus méritos a pesar de la dilación habida en la radicación del alegato.

A la luz de las circunstancias concurrentes, y no habiéndose causado perjuicio alguno a la parte apelada, aquí interventora, por la dilación de tres días del apelante en presentar su alegato, consideramos que lo más justo es que se resuelva, como resolvemos, *revocar la sentencia que desestimó la apelación y, en su virtud, se devolverá el caso al tribunal a quo con instrucciones de que admita el alegato del apelante y se continúe el trámite apelativo en dicha sala.*

